Mabel S. Talbott
vs.                    } Law No. 2140
Town of Little Compton

RESCRIPT

April 8, 1927

WALSH, J. This was an appeal from a decree of the Town Council of the Town of Little Compton under date of August 17, 1926, approving the report of the Committee appointed by said Town Council "to mark out and relay that portion of the highway in the Town of Little Compton known as the South Shore Road which lies between the lands formerly of William Wilbour and the Ministry Lot, so-called, commencing at the southwest corner of the Ministry Lot as indicated by the existing stone walls and extending in an easterly direction to the west shore or side of Tuniper's Pond, so-called, and thence extending in a southerly direction down to the beach or high water mark of the south shore——."

At the close of the testimony in this case the petitioners moved to

quash the proceedings of the said Town Council in allowing and approving said report and in laying out the highway designated in said report.

It appears from the evidence that a Commission was appointed by the Town Council of the Town of Little Compton on the 14th day of June, 1926, for the purpose of laying out the highway above mentioned; that this Commission presented its report July 23, 1926, that the report was amended by the order of said Town Council by changing the word "southerly" to "northerly" before the word "boundary" in the next to the last line on the first page of said report, and the word "southerly" to "northerly" in the third line from the top on the second page of said report (Report of said Committee is Respondent's Exhibit A).

This amendment of the report was made before the report was received, accepted and ordered recorded by the Town Council. There is no question that this Commission appointed to lay out this highway qualified according to law, or that proper notice of the time and place of hearing of the report was not given.

It appears from the evidence that the appellant appeared before said Council at the hearing on said report and was heard relative thereto. The appellant in her reasons for appeal sets forth various grounds, but the only one urged was that the particular portion of land extending from the easterly end of the four rod way southerly to the ocean, as laid out by said Town Council, was not the original highway and was not a part of the way used as a public highway but belonged to the appellant in her own right; that the original way contemplated by the proprietors' records was a way extending southeasterly from the southwesterly side of Tuniper's Pond over in the direction of a large rock embedded in the shore line, which rock was never covered by the water at any stage of the tide.

This proceeding was to survey, bound and mark out a highway existing (General Laws, 1923, Chapter 95, Section 28).

The vital question is whether any of the land included within the lines of the description contained in the report of the Committee belonged to this appellant or was all part of an existing highway. It appears from the evidence of the proprietors' records that on July 26, 1694, a Committee authorized by the proprietors "to change or sell highways where they see cause—exchanged that part of the two rod highway that lieth on the east side of the Mile Square, namely, the south end thereof so far northerly till it comes to the Ministry Lot and then two rods wide to go easterly on the northerly side of the seventh thirty acre lot now in the possession of William Wilbor till it comes to the Herring Pond and then on the west side said pond to the beach."

At the same time this road was laid out, according to said proprietors' records of April 1, 1695. This layout was recorded October 27, 1712, and reference is made to the "west side of a great rock about a rod from the bank" as the easterly bound of the portion of the highway now in dispute. The appellant contends that the rock now visible on the shore about one hundred feet easterly of the easterly line of the present alleged highway is the rock mentioned in this record. With this contention we cannot agree. It appears that the beach at this point has receded 25 to 30 feet toward the north, within the memory of living witnesses. One witness has testified, without contradiction, that the rock which the appellant contends is the rock mentioned in this early record, with his memory was buried in the bank and was uncovered within his memory by the action of the sea. We are inclined to

think that that statement is borne out by the great weight of evidence. In other words, we think that the rock that the proprietors had in mind is now situated in the ocean bed and is not on the shore.

The old records clearly show that William Wilbor, the appellant's ancestor in title, traded to the town this strip, and taking into consideration the records of the proprietors and the testimony of the old residents and the references in the deeds, coupled with one stone wall on the west side of this strip in dispute and the bed stones of another stone wall parallel to the first and fifty feet easterly thereof, we are inclined to agree that at the time of the trade Mr. Wilbor moved the easterly stone wall fifty feet to the westward, so as to give the town that strip for highway purposes.

The deeds introduced by the respondents show clear references to the existence of this strip as a highway. The deed to the appellant shows for the first time the land in dispute to be included in the premises conveyed. We must find from the examination of the records that the proprietors clearly intended to and did lay out this as a highway.

In addition to the ancient records, we have the testimony of witnesses as to the use of this way, that it was considered as a highway by them, that the highway surveyors from time to time repaired it and that as a consequence it was actually laid out and was actually used.

The further contention of the appellant is that the amendment of the report by the Town Council before the report was accepted, approved and received, constitutes a substantial defect and hence the proceedings should be quashed. The test in such a case appears to us to be that if the proceedings were such a different highway was ordered to be laid out from the one which by precious decree they had declared should be laid

out, the proceedings should be quashed on the ground that such action constituted a substantial change in the proceedings.

We realize fully that the Town Council is only authorized to accept or reject the report by the Committee substantially as made, that any material variance from the report would establish a highway different from the highway declared by the Council to be necessary to be opened. In the case cited of Clark vs. Mayor of Newport, 5 Rhode Island, 333, there was such a substantial change because the termini of the highway were different in the decree from those stated in the report. Where the beginning, course, termination or width of the highway are so uncertain or ambiguous that a practical surveyor could not locate the highway from the description contained in the report and the decree, the entire proceeding is void. But in this case we think that the variance was an immaterial one (that termini and intermediate course are determined, designated and described either by courses and distances or by reference to known monuments and permanent objects, so that taking the description as given altogether, and giving all reasonable intendments in favor of the proceedings, the highway can be located from the description thus given, and under such circumstances, the order or decree should be upheld.

The Committee's amendment of its report was made to obtain a correct report of what the Committee did while acting under the notice that had been given. Persons appointed to mark out a highway under our statute are mere statutory servants and agents of the Town Council. All their doings have to be approved and confirmed by the Town Council before they have any binding effect (Adams vs. McCaughey, 21 Rhode Island, 341).

Some argument has been made by appellant that the whole width of this strip was not used as a highway; that certain portions near the easterly wall of the appellant's husband's property were swampy and were occupied by bath houses. We do not think that it is essential that the entire width of the way dedicated or used as a public highway should be traveled. (Simmons vs. Cornell, 1 Rhode Island, 519).

We further find from the uncontradicted evidence that the Town Council in laying out an existing highway at this place attempted to do so according to the best obtainable information; that they endeavored to locate, and did locate, the old lines, that they used all the evidence at their command to duplicate the lines of the old way, and that there is no evidence of a credible nature that the present layout was not as accurate as could be expected, under the circumstances.

We therefore affirm the order of the Town Council in the premises and the motion of the appellant to quash is denied and her exception is noted.

For Plaintiff: Green, Curran & Hart.

For Defendant: Burdick & Macleod.